**PRIORITY SEND**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-01584-VAP (SPx)                  Date:  September 19, 2014

Title:   MAURICIO CAVAZOS, etc., et al.  *-v-* HEARTLAND AUTOMOTIVE
SERVICES, INC., A CORPORATION, et al.
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  Marva Dillard  |  None Present  |
|---|---|
|  Courtroom Deputy  |  Court Reporter  |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:      MINUTE ORDER GRANTING PLAINTIFF'S MOTION TO
LIFT STAY AND REMAND (DOC. NO. 8) (IN CHAMBERS)

        Before the Court is a Motion to Lift Stay and Remand Action to State Court
("Motion" or "Mot.") filed by Plaintiff Mauricio Cavazos, on behalf of himself and all
other persons similarity situated ("Cavazos").  (Doc. No. 8.)  The Motion is
appropriate for resolution without a hearing, and accordingly, the Court VACATES
the hearing set for September 22, 2014.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  After
consideration of the papers filed in support of, and in opposition to, the Motion, the
Court GRANTS the Motion and REMANDS this action to the California Superior
Court for the County of Riverside.

MINUTES FORM 11                                          Initials of Deputy Clerk __md___
CIVIL -- GEN                          Page 1

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

# I. BACKGROUND

Cavazos generally alleges that his former employer, Heartland Automotive Services, Inc. ("Heartland"), successor in interest to Alamitos Lube Centers, LLC, had a "uniform policy and practice which failed to lawfully compensate . . . employees for all their overtime hours worked," and that Heartland's polices violated other provisions of the California Labor Code.  (Not. of Removal (Doc. No. 1) Ex. A (First Amended Complaint ("FAC")) ¶¶ 5-6.)

Cavazos filed his original Complaint in the California Superior Court for the County of Riverside on March 28, 2014.  On June 6, 2014, Cavazos filed the FAC. The FAC alleges causes of action for: (1) unfair competition (Cal. Bus. & Prof. Code §§ 17200, et seq.); (2) failure to pay overtime wages (Cal. Lab. Code §§ 510, et seq.); (3) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); (4) failure to reimburse employees for required expenses (Cal. Lab. Code § 2802); (5) failure to provide wages when due (Cal. Lab. Code §§ 201, 202 and 203); and (6) the Labor Code Private Attorney General Act (Cal. Lab. Code § 2698, et seq.).

Cavazos filed the instant Motion on August 25, 2014.  On August 29, 2014, Heartland filed its Opposition.  (Doc. No. 9.)  Cavazos filed a Reply on September 8, 2014.  (Doc. No. 10.)

# II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)).  Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

A defendant removing a case from state to federal court under CAFA also faces a strong presumption against removal.  See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (listing cases); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) ("[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.").  Although CAFA gives district courts diversity jurisdiction to hear class actions, defendants must show that "any member of a class of plaintiffs is a citizen of a State different from any defendant" (minimum diversity); the number of members of the proposed plaintiff class exceeds 100 in the aggregate (numerosity); and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (amount in controversy).  28 U.S.C. § 1332(d); see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1033-34 (9th Cir. 2008); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).

When the removed complaint fails to allege a specific amount in controversy, or when the complaint alleges an amount in controversy less than the jurisdictional threshold, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $5,000,000.  Rodriguez v. AT&T Mobility Servs., No. 13-56149, 2013 WL 4516757, at *6-7 (9th Cir. Aug. 27, 2013) (citing Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013)); Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)).  If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

Initials of Deputy Clerk __md___

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

     In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  Lewis, 627 F.3d at 400.

# III. DISCUSSION

## A.   The Amount-in-Controversy Requirement

     Cavazos argues that Heartland has not satisfied CAFA's amount-in-controversy requirement, and therefore this action must be remanded.  In the Notice of Removal, Heartland calculated the possible damages that the proposed class could receive.  With respect to Cavazos's wage statement claim pursuant to California Labor Code § 226, Heartland estimated that 850 non-exempt employees worked 26,020 weeks during the one-year limitations period, and Heartland issued 12,888 checks to those employees.  Heartland estimated that this claim would yield $1,246,300 in damages.[1]  (Not. of Removal at 6-7.)

     Regarding Cavazos's unpaid overtime claim pursuant to California Labor Code § 510, et seq., Heartland estimated that each employee worked one hour of unpaid overtime per week, all employees collectively worked 96,580 total hours during the three-year limitations period, and the average employee wage for those employees was $10.79.  Taking these figures together, Heartland estimated this claim would yield $1,463,026.89 in damages.[2]  (Id. at 8-9.)

----

    [1]    Calculated as the initial violation rate of $50 for the first 850 checks plus $100 for each subsequent check, 12,038 checks in total, calculated as ($50 x 850) + ($100 x 12,038) = $1,246,300.00.

    [2]    Calculated as 45,197 bi-weekly checks, multiplied by two overtime hours per pay period (one each week), multiplied by an average hourly wage of $10.79, multiplied by the 1.5 overtime premium multiplier, calculated as (45,197 x 2) x 10.79

(continued...)

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

As it relates to the meal and rest period claim pursuant to California Labor Code § 226.7(c), Heartland estimated that one meal and one rest break violation occurred each week.  Taking that estimate as true, Heartland calculated the potential damages recoverable by the proposed class as follows: 96,580 total hours worked during the limitations period, two violations per week (one meal break and one rest period), with an average employee wage of $10.79, for a total of $2,084,196.40 in damages.[3]  (Id. at 10.)

Finally, in calculating the potential damages on Cavazos's waiting period claim pursuant to California Labor Code § 203, Heartland estimated that 618 employees had separated from the company during the class period, and their average hourly wage was $10.58.  As employees are entitled to a maximum of thirty days of additional wages if they are not paid, Heartland calculated that their total potential liability on this claim would be $1,569,225.60.[4]  (Id. at 10-11.)  In sum, the estimated damages totaled $6,948,641.43, including a 25% recovery of attorneys' fees for the wage statement penalties and overtime violations.  (Id. at 12.)

Cavazos takes issues with a number of these estimations of damages, and generally alleges that many of the above calculation are speculative for purposes of calculating the amount-in-controversy.  (See Mot. at 8-19.)  The Court agrees that the information submitted by Heartland is insufficient to support its assumptions of 100% violation rates with respect to Cavazos's wage statement claims and waiting time penalties.  Heartland supported each of these calculations with a Declaration made by Mark Guckian, Heartland's Senior Vice President of Human Resources. (Declaration of Mark Guckian in Support of Removal ("Guckian Decl.") (Not. of Removal Ex. D.).)  In his Declaration, Guckian notes (1) the number of employees who worked for Heartland during the proposed class period; (2) how many total

---

[2](...continued)
x 1.5 = $1,463,026.89.

[3]      Calculated as 96,580 hours x 2 violations x $10.79 = $2,084,196.40.

[4]      Calculated as 618 employees x $10.58 x (30 days x 8 hours per day) = $1,569.225.60.

weeks were worked; (3) the average hourly wage for those employees; (4) the number of employees who left the company during the class period; and (5) the average rate of pay for the ex-employees.  (Guckian Decl. ¶ 2 (a)-(e).)

As the Ninth Circuit explained in Garibay v. Archstone Communities LLC, 539 F. App'x 763 (9th Cir. 2013), such a declaration standing alone is insufficient to make assumptions about other aspects of the amount-in-controversy calculation, for example, the possible number of wage statement and waiting time violations.  In Garibay, the defendants submitted a "declaration by their supervisor of payroll, which set[] forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages. Beyond this, the defendants rel[ied] on speculative and self-serving assumptions about key unknown variables." Id. at 764.  For example, nothing in the declaration explained why each member of the class would be entitled to recovery for every pay period for inaccurate wage statements, or why each member of the class who had left the company would be entitled to the maximum statutory penalty for the waiting period claim. Id.  With respect to meal and rest periods, the defendant in Garibay failed to "provide any evidence regarding why the assumption that each employee missed two rest periods per week was more appropriate than 'one missed rest period per paycheck or one missed rest period per month.'" Id.

Removals under CAFA using similar methodologies have similarly been rejected by district courts in California.  See, e.g., Weston v. Helmerich & Payne Inter. Drilling Co., 2013 WL 5274283, at *6;  (E.D. Cal. Sept. 17, 2013) ("Defendant provides no factual underpinning for the assumption that a meal and rest break violation occurred one time per week or why an overtime violation should be presumed to occur for four hours every week."); Emmons v. Quest Diagnostics Clinical Labs., Inc., 2014 WL 584393, at *6 (E.D. Cal. Feb. 12, 2014) ("Defendants conclude that because Plaintiffs allege that all class members were not provided with complete and accurate wage statements, Defendants are entitled to assume the maximum statutory penalty applies. This, however, is an improper assumption.");

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

Marshall v. G2 Secure Staff, LLC, 2014 WL 3506608, at *2 (C.D. Cal. July 14, 2014) ("[P]arties may not rely on the assumption that the 100–percent violation rule applies *without supporting the assumption with evidence.*").

As the Court finds that Heartland's amount-in-controversy calculations, insofar as they relate to the wage statement and waiting time penalties, are based on "speculation and conjecture" (see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds, Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013)), the Court disregards those calculations for the purpose of determining whether the amount-in-controversy is satisfied here.  Subtracting those claims nets an amount-in-controversy of $3,821,125.00.[5]

For the first time in its Opposition, Heartland also asserts that the amount-in-controversy requirement is met when factoring in Cavazos's Private Attorneys General Act ("PAGA") claim pursuant to California Labor Code §§ 2698, et seq. (Opp'n at 6 ("Notably, Heartland **omitted** from its original amount in controversy calculation several of Plaintiff's causes of action, including Plaintiff's PAGA claim. Including Plaintiff's PAGA claim in the amount in controversy increases the amount by $2.49 million, for a total of $9,441,241.43.").)[6]  Submitting new information in support of removal is appropriate in an opposition.  Tripp v. Crossmark, Inc., 2013 WL 5496550, at *2 (N.D. Cal. Oct. 3, 2013).  Even so, the Court finds that Heartland's PAGA calculations are also flawed.  Heartland's estimation of the proposed class's PAGA damages are based on the same speculative assertions as noted above concerning the number and quality of California Labor Code violations experienced by each class member.  For that reason, the Court will also disregard Heartland's PAGA damages estimation.

---

[5]     Calculated as $6,498,641.43 - 1,557,875.00 - 1,569,641.43 = $3,821,125.00.

[6]     Calculated as ($100 x 850 first-time pay period violations) + ($200 x 12,038 subsequent pay period violations) = $2,492,600.00.

MINUTES FORM 11                                         Initials of Deputy Clerk __md___
CIVIL -- GEN                        Page 7

EDCV 14-01584-VAP (SPx)
MAURICIO CAVAZOS, etc. et al. v. HEARTLAND AUTOMOTIVE SERVICES, INC., A CORPORATION, et al.
MINUTE ORDER of September 19, 2014

     As CAFA's amount-in-controversy requirement has not been met here, the Court will remand this action.  Moreover, because the Court remands on the basis that the amount-in-controversy requirement has not been met, the Court need not address Cavazos's argument that the local controversy exception to CAFA applies in this instance.

## B.  Attorneys' Fees

     In the Motion, Cavazos also requests the Court award him attorneys' fees to compensate him for the time and expense of brining the instant Motion.  (Mot. at 19-20.)  Though the Court remands this action, it declines to award attorneys' fees to Cavazos.  Though ultimately mistaken and unmeritorious, nothing in Heartland's conduct in removing this action was unreasonable, nor were its arguments in favor of removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

## IV. CONCLUSION

     For the reasons stated above, the Court GRANTS the Motion and REMANDS this action to the California Superior Court for the County of Riverside.

     **IT IS SO ORDERED.**